IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-26-113-SLP ) ) |
| DAWN HILL-KEARSE and SERGIO JIMENEZ, | ) ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against two individual Defendants. The Complaint's allegations are sparse. Plaintiff identifies no federal statutory basis for his claims. He makes a vague allegation that "Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process[.]" No other allegations are made.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

The only possible basis for the Court's exercise of subject matter jurisdiction is pursuant to 28 U.S.C. § 1331 based on Plaintiff's reference to a "due process" violation.

But the factual allegations are too threadbare to decipher the basis for any claim premised on such a violation. Thus, the Complaint is subject to dismissal on jurisdictional grounds.

The Court has also considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)). Here, Plaintiff fails to identify with any clarity the factual or legal bases for his claim(s). Accordingly, the Complaint is alternatively subject to dismissal for failure to comply with the requirements of Rule 8.

IT IS THEREFORE ORDERED that the Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] is DENIED as MOOT.

A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 29th day of January, 2026.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE